**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SHA'TEEK BURTON,<br>Plaintiff,<br>v.<br>SPALDING COUNTY, *et al.*,<br>Defendants. | Civil Action No.<br>1:25-cv-01823-SDG |

**OPINION AND ORDER**

This case is before the Court on a 28 U.S.C. § 1915(e)(2) frivolity review of *pro se* Plaintiff Sha'teek Burton's complaint [ECF 9]. Because Burton fails to state a claim under 42 U.S.C. § 1983 based on the conditions of his confinement, and the Court declines to exercise supplemental jurisdiction over his state law claim, the complaint is **DISMISSED without prejudice**. Burton's motion for permission to receive electronic communication [ECF 13] is **DENIED as moot**.

## I. BACKGROUND

Burton brings this § 1983 civil rights action based on the conditions he experienced during his detention at the Spalding County (Georgia) Jail. Burton filed an application for leave to proceed *in forma pauperis*, which was granted by United States Magistrate Judge J. Elizabeth McBath.[1] Defendants are Spalding County, the Spalding County Sheriff's Office (SCSO), the "Spalding County Jail

1 ECFs 1, 8.

Administration," and John Doe Corrections Officers 1 and 2. The John Doe Defendants appear to be SCSO officers employed at the Jail.[2]

On March 16, 2025, Burton was detained for approximately 24 hours at the Jail.[3] Burton alleges that he was held in a cell that had a clogged sink, an inoperable toilet overflowing with human waste, and a "stench [that] was overwhelming."[4] Despite requests made by Burton and his cellmate, Jail staff took no immediate action to remedy the situation, stating instead that the issues were "on the maintenance list."[5] The experience caused him physical pain and psychological distress.[6]

Based on these allegations, Burton brings a § 1983 claim for violations of his Eighth and Fourteenth Amendment rights, as well as a state law negligence claim.

## II. APPLICABLE LEGAL STANDARD

Section 1915 requires the Court to dismiss any action that is frivolous or that fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v.*

---

2 ECF 9, ¶ 11.

3 *Id.* ¶¶ 2, 12.

4 *Id.* ¶ 13.

5 *Id.* ¶¶ 14–16.

6 *Id.* ¶ 17.

*Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam). A claim that is arguable, "but ultimately will be unsuccessful, . . . should survive frivolity review." *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

To state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).

Burton filed his complaint *pro se*. Accordingly, the Court must construe the complaint leniently and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and punctuation omitted); *see also Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168

(11th Cir. 2014); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that "once a *pro se* [*in forma pauperis*] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## III. DISCUSSION

First, the Court concludes that Burton does not allege that he was subjected to conditions at the Jail that were sufficiently extreme to establish an Eighth or Fourteenth Amendment violation, and therefore his § 1983 claim is dismissed. Having dismissed Burton's federal law claim, the Court declines to exercise supplemental jurisdiction over his state law negligence claim. Accordingly, Burton's complaint is dismissed without prejudice.

### A. Section 1983

Burton alleges that the conditions of his confinement—an overflowing toilet, clogged sink, and overwhelming stench—created an objectively serious risk

to his health and safety, thereby violating his Eighth and Fourteenth Amendment rights. While his allegations, assumed to be true for the purposes of this Order, would likely offend the sensibilities of the average person, Eleventh Circuit precedent counsels that Burton's experience did not rise to the level of a constitutional violation.

To state a claim under § 1983, the plaintiff must show that the defendants deprived him of a constitutional right. *Alfred v. Bryant*, 378 F. App'x 977, 979 (11th Cir. 2010) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992)). "At a minimum, the Eighth Amendment requires prison officials to provide adequate food, clothing, shelter, and medical care." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).[7] An Eighth Amendment conditions-of-confinement claim has objective and subjective prongs. *Id.* (citing *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004)). To satisfy the objective prong, the plaintiff must allege "that the challenged prison condition is 'extreme' and 'pose[s] an unreasonable risk of serious damage to the [prisoner's] future health or safety.'" *Id.* at 979 (quoting

---

[7] "A pretrial detainee's constitutional rights arise not from the Eighth Amendment, but from the Due Process Clause of the Fourteenth Amendment." *Purcell ex rel. Est. of Morgan v. Toombs Cnty.*, 400 F.3d 1313, 1318 n.13 (11th Cir. 2005) (internal quotation marks and citation omitted). That said, "[t]he standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." *Id.* (citation omitted).

*Chandler*, 379 F.3d at 1289). The risk of harm from the conditions must be "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Id*. (quoting *Chandler*, 379 F.3d at 1289) (emphasis in original).

*Alfred* appears to be squarely on point here. There, the detainee spent 18 days in a cell with a toilet that overflowed onto the floor at least six times. *Id.* at 978. The plaintiff had to clean the mess with his bare hands and a jail-provided towel and soap. *Id.* Those conditions caused him severe headaches, vomiting, constipation, grief, anxiety, distress, and fear. *Id.* He also had to sleep on a bare steel frame with no mattress. *Id.* On appeal, the Eleventh Circuit affirmed the district court's dismissal of his § 1983 conditions-of-confinement claim as frivolous. *Id.* In reaching this conclusion, *Alfred* cited approvingly to the Eighth Circuit's decision in *Smith v. Copeland*, which rejected an Eighth Amendment claim "based on an [sic] toilet that overflowed in the prisoner's cell for four days." *Id.* at 980 (citing 87 F.3d 265, 268–69 (8th Cir. 1996)).

Courts in this district have also dismissed similar conditions-of-confinement claims, citing *Alfred*. In *Pierce v. Georgia*, the detainee was confined for fifteen days in a moldy room with an overflowing toilet and a leaky ceiling. No. 1:24-CV-1301-SEG-JKL, 2024 WL 6085418, at *2–3 (N.D. Ga. May 1, 2024), *report and recommendation adopted*, No. 1:24-CV-01301-VMC, 2024 WL 6085413 (N.D. Ga. July 2, 2024). Likewise, in *Williams v. DeKalb County Jail*, the detainee was confined for

a month in a cell with a broken toilet that made the cell "smell[ ] very bad." No. 1:23-CV-0531-SDG-JKL, 2023 WL 11994537, at *1–2 (N.D. Ga. Apr. 18, 2023), *report and recommendation adopted*, 2023 WL 11994544 (N.D. Ga. June 12, 2023).

Here, Burton was confined in a cell for 24 hours with an overflowing toilet, clogged sink, and overwhelming stench. Notably, Burton spent less time in less severe conditions than the plaintiff in *Alfred*. The law in this circuit makes plain that Burton's experience did not rise to the level of a constitutional violation, and therefore he fails to state a claim under § 1983.

Because Burton fails to satisfy the objective prong of his conditions-of-confinement claim, the Court need not address the subjective prong.

**B. Supplemental Jurisdiction**

Having dismissed Burton's federal law claim, the Court declines to exercise supplemental jurisdiction over his remaining state law negligence claim. As a starting point, the Court has the authority to exercise supplemental jurisdiction over Burton's state law claim pursuant to 28 U.S.C. § 1367(a). Section 1367 authorizes the Court to hear state law claims that "arise out of a common nucleus of operative fact" with the federal law claim. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). However, § 1367 "reflects a dichotomy between a district court's power to exercise supplemental jurisdiction, § 1367(a), and its discretion not to exercise such jurisdiction, § 1367(c)." *Id.* at 742. Section 1367(c)(3)

gives the Court the discretion to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (citing *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)). That is the case here. Accordingly, the Court declines to exercise supplemental jurisdiction over Burton's remaining state law claim, and the complaint is dismissed without prejudice.

## IV. CONCLUSION

The Court concludes that Burton's complaint [ECF 9] is subject to dismissal under 28 U.S.C. § 1915(e) and **ORDERS** that the complaint be **DISMISSED without prejudice**. Burton's motion for permission to receive electronic communication [ECF 13] is **DENIED as moot**.

The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge